Donald P. Sullivan (State Bar No. 191080)
Justin Barnes (*pro hac vice* application
forthcoming*)*
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California  94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail:  Donald.Sullivan@jacksonlewis.com
E-mail:  Justin.Barnes@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIJAY GUPTA,<br><br>            Plaintiff,<br><br>      v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>            Defendant. | Case No. 4:21-cv-04166<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:     June 2, 2021<br>Trial Date:            None set |

Defendant International Business Machines Corporation ("IBM"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Vijay Gupta ("Plaintiff").

## INTRODUCTION

1.      IBM denies the allegations in Paragraph 1 of Plaintiff's Complaint.

2.      IBM denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3.      IBM denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      IBM denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5.      Answering Paragraph 5 of Plaintiff's Complaint, IBM admits that it initially paid commissions to Plaintiff in error on the deal at issue in this case ("HCL Deal") and later reversed that payment. IBM also admits that a provision in the relevant Quota Setting Guidelines applicable to Plaintiff states that achievement will be removed from everyone for contracts with transactional revenue greater than $10,000,000.00. IBM denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Answering Paragraph 6 of Plaintiff's Complaint, IBM admits that it reversed the commissions paid to Plaintiff in error on the HCL Deal. IBM also admits that, pursuant to the terms of Plaintiff's Incentive Plan Letter, IBM withheld subsequent commission payments in order to recoup the commission amount erroneously paid to Plaintiff on the HCL Deal. IBM denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7.      IBM admits that Plaintiff filed this action and seeks damages.  IBM denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint and denies that Plaintiff is entitled to any remedy or relief in this action.

## PARTIES

8.      IBM lacks knowledge or information at this time sufficient to admit or deny the truth of the allegations in Paragraph 8 regarding Plaintiff's citizenship and residency and therefore denies same.

9.      IBM admits the allegations in Paragraph 9 of Plaintiff's Complaint.

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

10.     IBM admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     IBM admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12.     IBM admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.     IBM denies the allegations in Paragraph 13 of Plaintiff's Complaint.

## INTRADISTRICT ASSIGNMENT

14.     Answering Paragraph 14 of Plaintiff's Complaint, IBM admits that the San Jose Division is the correct division but denies that any events establishing Plaintiff's claims occurred.

## FACTUAL ALLEGATIONS

15.     Answering Paragraph 15 of Plaintiff's Complaint, IBM admits that Plaintiff joined IBM in 2006 as a Senior Technical Consultant and eventually became a sales representative. IBM denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.     IBM admits that Plaintiff's compensation as a sales representative consisted of a salary and commissions. IBM admits that as a sales representative, Plaintiff was paid commissions for achievement pursuant to the terms of his IPL.  IBM denies the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17.     IBM admits that PowerPoints and other educational materials were made available to Plaintiff and other sales representatives which discussed some of IBM's policies and procedures applicable to the payment of commissions.  IBM denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18.     IBM admits the allegations in Paragraph 18 of Plaintiff's Complaint.

19.     IBM admits that PowerPoints and other educational materials were made available to Plaintiff which discussed some of IBM's policies and procedures applicable to the payment of commissions.  IBM denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Answering Paragraph 20 of Plaintiff's Complaint, IBM states that the language from the PowerPoint speaks for itself.  IBM denies the remaining allegations in Paragraph 20 of

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

1    Plaintiff's Complaint.

2         21.    Answering Paragraph 21 of Plaintiff's Complaint, IBM states that the language from

3    the PowerPoint speaks for itself.   IBM denies the remaining allegations in Paragraph 21 of

4    Plaintiff's Complaint.

5         22.    Answering Paragraph 22 of Plaintiff's Complaint, IBM states that the language from

6    the PowerPoint speaks for itself.   IBM denies the remaining allegations in Paragraph 22 of

7    Plaintiff's Complaint.

8         23.    Answering Paragraph 23 of Plaintiff's Complaint, IBM states that the language from

9    the PowerPoint speaks for itself.   IBM denies the remaining allegations in Paragraph 23 of

10   Plaintiff's Complaint.

11        24.    Answering Paragraph 24 of Plaintiff's Complaint, IBM states that the language from

12   the PowerPoint speaks for itself.   IBM denies the remaining allegations in Paragraph 24 of

13   Plaintiff's Complaint.

14        25.    Answering Paragraph 25 of Plaintiff's Complaint, IBM states that the language from

15   the PowerPoint speaks for itself.   IBM denies the remaining allegations in Paragraph 25 of

16   Plaintiff's Complaint.

17        26.    IBM denies the allegations in Paragraph 26 of Plaintiff's Complaint.

18        27.    IBM admits the allegations in Paragraph 27 of Plaintiff's Complaint.

19        28.    Answering Paragraph 28 of Plaintiff's Complaint and its subparts, IBM admits that

20   it has made various PowerPoints available to its salespeople which discussed the terms of their

21   compensation plan. The PowerPoint speaks for itself. IBM denies the remaining allegations in

22   Paragraph 28 of Plaintiff's Complaint and its subparts.

23        29.    Answering Paragraph 29 of Plaintiff's Complaint, IBM admits that Karla Johnson

24   works in the Global Sales Incentive department of IBM (the "GSI"), and that the GSI implements

25   commission plans for IBM employees. IBM denies the remaining allegations in Paragraph 29 of

26   Plaintiff's Complaint.

27        30.    IBM denies the allegations in Paragraph 30 of Plaintiff's Complaint.

28
                                            3                    Case No. 4:21-cv-04166
     DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO
     PLAINTIFF'S COMPLAINT

31.     IBM denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Answering Paragraph 32 of Plaintiff's Complaint, IBM admits that the case *Beard v. International Business Machines Corporation,* No. 3:18-cv-06783-WHA, was resolved at the time Plaintiff filed his Complaint. IBM further admits that the plaintiff in *Beard* took the deposition of Maria Lipner. The deposition testimony in that case speaks for itself. IBM denies the remaining allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Answering Paragraph 33 of Plaintiff's Complaint, IBM states that the deposition testimony referenced by Plaintiff speaks for itself. Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on cherry-picked testimony in a separate matter in support of his claims in this case. IBM denies the remaining allegations in Paragraph 33 of Plaintiff's Complaint.

34.     IBM admits the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Answering Paragraph 35 of Plaintiff's Complaint, IBM admits that the case *Kingston v. International Business Machines Corporation*, was pending at the time Plaintiff filed his Complaint. IBM further admits that in *Kingston* Maria Lipner testified at trial. The testimony in that case speaks for itself. IBM admits that the jury found for Kingston. IBM denies the remaining allegations in Paragraph 35 of Plaintiff's Complaint.

36.     IBM denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     IBM denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     IBM denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     IBM denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     IBM admits that in June 2019 IBM closed a deal with HCL. IBM denies the remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.     IBM denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     IBM denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Answering Paragraph 43 of Plaintiff's Complaint, IBM admits that it reserves the right to review commissions on certain deals. IBM denies the remaining allegations in Paragraph

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

1 | 43 of Plaintiff's Complaint.

2 | 44.     Answering Paragraph 44 of Plaintiff's Complaint, IBM admits that it reserves the

3 | right to review commissions on certain deals. IBM denies the remaining allegations in Paragraph

4 | 44 of Plaintiff's Complaint.

5 | 45.     IBM admits that it conducted a review of the HCL deal. IBM denies the remaining

6 | allegations in Paragraph 45 of Plaintiff's Complaint.

7 | 46.     Answering Paragraph 46 of Plaintiff's Complaint, IBM admits that it initially paid

8 | Plaintiff commissions on the HCL Deal in August 2019. IBM denies the remaining allegations in

9 | Paragraph 46 of Plaintiff's Complaint.

10 | 47.     IBM denies the allegations in Paragraph 47 of Plaintiff's Complaint.

11 | 48.     Answering Paragraph 48 of Plaintiff's Complaint, IBM admits that it initially paid

12 | Plaintiff commissions in error on the HCL Deal in August 2019. IBM denies the remaining

13 | allegations in Paragraph 48 of Plaintiff's Complaint.

14 | 49.     IBM admits that Nancy Cahey was Plaintiff's manager and that she has filed a

15 | lawsuit against IBM, which is currently pending in the District of Colorado. IBM denies the

16 | remaining allegations in Paragraph 49 of Plaintiff's Complaint.

17 | 50.     Answering Paragraph 50 of Plaintiff's Complaint, IBM admits that it initially paid

18 | Plaintiff commissions in error on the HCL Deal and that it reversed the payment of commissions

19 | paid to Plaintiff in error on the HCL Deal. IBM denies the remaining allegations in Paragraph 50

20 | of Plaintiff's Complaint.

21 | 51.     Answering Paragraph 51 of Plaintiff's Complaint, IBM admits that it initially paid

22 | Plaintiff commissions in error on the HCL Deal and that it reversed the payment of commissions

23 | paid to Plaintiff in error on the HCL Deal. IBM lacks knowledge or information at this time

24 | sufficient to admit or deny the truth of the allegations in Paragraph 51 of Plaintiff's Complaint

25 | regarding what Plaintiff noticed, and therefore denies same. IBM denies the remaining allegations

26 | in Paragraph 51 of Plaintiff's Complaint.

27 | 52.     Answering Paragraph 52 of Plaintiff's Complaint, IBM admits that it reversed the

28 |

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT

1  payment of commissions paid to Plaintiff in error on the HCL Deal. IBM also admits that, pursuant

2  to the terms of Plaintiff's Incentive Plan Letter, IBM withheld subsequent commission payments

3  in order to recoup the commission amount erroneously paid to Plaintiff on the HCL Deal. IBM

4  denies the remaining allegations in Paragraph 52 of Plaintiff's Complaint.

5      53.    Answering Paragraph 53 of Plaintiff's Complaint, IBM admits that due to a credit

6  re-bill, Plaintiff was erroneously credited commissions, which IBM then reversed. IBM denies the

7  remaining allegations in Paragraph 53 of Plaintiff's Complaint.

8      54.    Answering Paragraph 54 of Plaintiff's Complaint, IBM admits that due to a credit

9  re-bill, Plaintiff was erroneously credited commissions, which IBM then reversed. IBM denies the

10  remaining allegations in Paragraph 54 of Plaintiff's Complaint.

11      55.    IBM denies the allegations in Paragraph 55 of Plaintiff's Complaint.

12      56.    IBM denies the allegations in Paragraph 56 of Plaintiff's Complaint.

13      57.    IBM admits that the case *Bobby Choplin v. International Business Machines*

14  *Corporation*, No. 16-cv-1412-TDS-JEP was resolved at the time Plaintiff filed his Complaint. IBM

15  further admits that Plaintiff and Bobby Choplin both had IPLs which contained disclaimers

16  explaining, among other things, IBM's right to review and adjust commissions. IBM denies the

17  remaining allegations in Paragraph 57 of Plaintiff's Complaint.

18      58.    IBM admits only that the plaintiff in the Choplin Action took four depositions: (1)

19  a Rule 30(b)(6) deposition of IBM through corporate designee Richard Martinotti (the transcript of

20  which is attached as Exhibit B to Plaintiff's Complaint); (2) a deposition of Mr. Choplin's first-line

21  manager, Tom Batthany (the transcript of which is attached as Exhibit C to Plaintiff's Complaint);

22  (3) a deposition of Mr. Choplin's second-line manager, Haleh Maleki (the transcript of which is

23  attached as Exhibit D to Plaintiff's Complaint); and (4) a deposition of Mark Dorsey, a former IBM

24  Vice President of Software Sales (the transcript of which is attached as Exhibit E to Plaintiff's

25  Complaint).  The deposition testimony in that case speaks for itself.  IBM denies the remaining

26  allegations in Paragraph 58 of Plaintiff's Complaint.

27

28

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT

59.     Answering Paragraph 59 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on cherry-picked testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 59 of Plaintiff's Complaint.

60.     Answering Paragraph 60 of Plaintiff's Complaint, IBM states that the deposition testimony and emails referenced by Plaintiff speak for themselves.  Moreover, Plaintiff is taking the testimony and emails out of context, Plaintiff is misconstruing the testimony and emails, and Plaintiff improperly relies on the testimony and emails in support of his claims in this case.  IBM denies the remaining allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Answering Paragraph 61 of Plaintiff's Complaint, IBM states that the email attached as Exhibit F to Plaintiff's Complaint speaks for itself.  Moreover, Plaintiff is taking the testimony and emails out of context, Plaintiff is misconstruing the testimony and emails, and Plaintiff improperly relies on the testimony and emails in support of his claims in this case.  IBM denies the remaining allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Answering Paragraph 62 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Answering Paragraph 63 of Plaintiff's Complaint, IBM states that the deposition testimony and emails referenced by Plaintiff speak for themselves.  Moreover, Plaintiff is taking the testimony and emails out of context, Plaintiff is misconstruing the testimony and emails, and Plaintiff improperly relies on the testimony and emails in support of his claims in this case.  IBM denies the remaining allegations in Paragraph 63 of Plaintiff's Complaint.

64.     Answering Paragraph 64 of Plaintiff's Complaint and its subparts, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

in support of his claims.  IBM denies the remaining allegations in Paragraph 64 of Plaintiff's Complaint, including all subparts.

65.   Answering Paragraph 65 of Plaintiff's Complaint and its subparts, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 65 of Plaintiff's Complaint, including all subparts.

66.   Answering Paragraph 66 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 66 of Plaintiff's Complaint.

67.   Answering Paragraph 67 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 67 of Plaintiff's Complaint.

68.   Answering Paragraph 68 of Plaintiff's Complaint, IBM states that the email attached as Exhibit G to Plaintiff's Complaint speaks for itself.  Moreover, Plaintiff is taking the testimony and emails out of context, Plaintiff is misconstruing the testimony and emails, and Plaintiff improperly relies on the testimony and emails in support of his claims in this case.  IBM denies the remaining allegations in Paragraph 68 of Plaintiff's Complaint.

69.   IBM admits that the case *William Stephenson v. International Business Machines Corporation*, No. 17-cv-1141 was resolved at the time Plaintiff filed his Complaint. IBM further admits that Plaintiff and William Stephenson both had IPLs which contained disclaimers explaining, among other things, IBM's right to review and adjust commissions. IBM denies the remaining allegations in Paragraph 69 of Plaintiff's Complaint.

70.   IBM admits only that the plaintiff in the Stephenson Action took four depositions: (1) a Rule 30(b)(6) deposition of IBM through corporate designee Richard Martinotti (the transcript

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

of which is attached as Exhibit H to Plaintiff's Complaint); (2) a deposition of Mr. Stephenson's first-line manager, Benjamin Blackwell (the transcript of which is attached as Exhibit I to Plaintiff's Complaint); (3) a deposition of Mr. Stephenson's second-line manager, Cleo Clarke (the transcript of which is attached as Exhibit J to Plaintiff's Complaint); and (4) a deposition of Randolph Moorer (the transcript of which is attached as Exhibit K to Plaintiff's Complaint). The deposition testimony in that case speaks for itself. IBM denies the remaining allegations in Paragraph 70 of Plaintiff's Complaint.

71.    Answering Paragraph 71 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself. Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims. IBM denies the remaining allegations in Paragraph 71 of Plaintiff's Complaint.

72.    Answering Paragraph 72 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself. Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims. IBM denies the remaining allegations in Paragraph 72 of Plaintiff's Complaint.

73.    Answering Paragraph 73 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself. Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims. IBM denies the remaining allegations in Paragraph 73 of Plaintiff's Complaint.

74.    Answering Paragraph 74 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself. Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims. IBM denies the remaining allegations in Paragraph 74 of Plaintiff's Complaint.

75.    IBM admits that the case *David Swafford v. International Business Machines Corporation*, No. 18-cv-4916 was resolved at the time Plaintiff filed his Complaint. IBM further admits that Plaintiff and David Swafford both had IPLs which contained disclaimers explaining,

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

among other things, IBM's right to review and adjust commissions. IBM denies the remaining allegations in Paragraph 75 of Plaintiff's Complaint.

76.     IBM admits only that the plaintiff in the Swafford Action took four depositions: (1) a Rule 30(b)(6) deposition of IBM through corporate designee Richard Martinotti (the transcript of which is attached as Exhibit L to Plaintiff's Complaint); (2) a deposition of Mr. Swafford's first-line manager, Mark Briggs (the transcript of which is attached as Exhibit M to Plaintiff's Complaint); (3) a deposition of Mr. Swafford's second-line manager, Richard Wirtenson (the transcript of which is attached as Exhibit N to Plaintiff's Complaint); and (4) a deposition of Donald Leeke (the transcript of which is attached as Exhibit O to Plaintiff's Complaint).  The deposition testimony in that case speaks for itself.  IBM denies the remaining allegations in Paragraph 76 of Plaintiff's Complaint.

77.     Answering Paragraph 77 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 77 of Plaintiff's Complaint.

78.     Answering Paragraph 78 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 78 of Plaintiff's Complaint.

79.     Answering Paragraph 79 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 79 of Plaintiff's Complaint.

80.     Answering Paragraph 80 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 80 of Plaintiff's Complaint.

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

81.     IBM admits that the case *Jerome Beard v. International Business Machines Corporation*, No. 18-cv-06783 was resolved at the time Plaintiff filed his Complaint. IBM further admits that Plaintiff and Jerome Beard both had IPLs which contained disclaimers explaining, among other things, IBM's right to review and adjust commissions. IBM denies the remaining allegations in Paragraph 81 of Plaintiff's Complaint.

82.     Answering Paragraph 82 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 82 of Plaintiff's Complaint.

83.     Answering Paragraph 83 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 83 of Plaintiff's Complaint.

84.     Answering Paragraph 84 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 84 of Plaintiff's Complaint.

85.     Answering Paragraph 85 of Plaintiff's Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 85 of Plaintiff's Complaint.

86.     IBM denies the allegations in Paragraph 86 of Plaintiff's Complaint.

87.     This Paragraph asserts a legal conclusion to which no response is required and on that basis, IBM denies the allegations in Paragraph 87 of Plaintiff's Complaint.

///

///

///

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

**FIRST CLAIM FOR RELIEF**
**(Violation of the California Unfair Competition Law)**

88.    IBM reasserts and incorporates its answers to Paragraphs 1 through 87 of the Complaint as though fully restated herein.

89.    IBM states that California Business and Professions Code § 17021 speaks for itself. IBM denies the remaining allegations in Paragraph 89 of Plaintiff's Complaint.

90.    IBM states that California Business and Professions Code § 17200 speaks for itself. IBM denies the remaining allegations in Paragraph 90 of Plaintiff's Complaint.

91.    IBM denies the allegations in Paragraph 91 of Plaintiff's Complaint and its subparts.

92.    IBM denies the allegations in Paragraph 92 of Plaintiff's Complaint.

93.    IBM denies the allegations in Paragraph 93 of Plaintiff's Complaint.

94.    IBM denies the allegations in Paragraph 94 of Plaintiff's Complaint.

95.    IBM denies the allegations in Paragraph 95 of Plaintiff's Complaint.

96.    IBM denies the allegations in Paragraph 96 of Plaintiff's Complaint.

97.    IBM states that Labor Code Section 2751 speaks for itself. IBM denies the remaining allegations in Paragraph 97 of Plaintiff's Complaint.

98.    IBM denies the allegations in Paragraph 98 of Plaintiff's Complaint.

99.    IBM admits that Plaintiff brings a claim against IBM for violation of Section 2751. IBM denies the remaining allegations in Paragraph 99 of Plaintiff's Complaint.

100.    In response to Paragraph 100 of Plaintiff's Complaint, IBM admits that Plaintiff purports to seek to enjoin conduct by IBM.  IBM denies Plaintiff is entitled to any remedy or relief in this action under any of his claims.

101.    IBM admits that Plaintiff seeks the relief set forth in Paragraph 101 of the Complaint. IBM denies Plaintiff is entitled to any remedy or relief in this action under any of his claims.

1
2

**SECOND CLAIM FOR RELIEF**
**(Direct Violation of California Labor Code Section 2571)**

3      102.   IBM reasserts and incorporates its answers to Paragraphs 1 through 101 of the
4   Complaint as though fully restated herein.

5      103.   IBM states that Labor Code Section 2751 speaks for itself. IBM denies the
6   remaining allegations in Paragraph 103 of Plaintiff's Complaint.

7      104.   IBM denies the allegations in Paragraph 104 of Plaintiff's Complaint.

8      105.   IBM denies the allegations in Paragraph 105 of Plaintiff's Complaint.

9      106.   IBM denies the allegations in Paragraph 106 of Plaintiff's Complaint.

10      107.   IBM admits that Plaintiff seeks the relief set forth in Paragraph 107 of the
11   Complaint. IBM denies Plaintiff is entitled to any remedy or relief in this action under any of his
12   claims.

13
14

**THIRD CLAIM FOR RELIEF**
**(Fraudulent Concealment – HCL Deal)**

15      108.   IBM reasserts and incorporates its answers to Paragraphs 1 through 107 of the
16   Complaint as though fully restated herein.

17      109.   IBM denies the allegations in Paragraph 109 of Plaintiff's Complaint.

18      110.   IBM denies the allegations in Paragraph 110 of Plaintiff's Complaint.

19      111.   IBM denies the allegations in Paragraph 111 of Plaintiff's Complaint.

20      112.   IBM denies the allegations in Paragraph 112 of Plaintiff's Complaint.

21      113.   IBM denies the allegations in Paragraph 113 of Plaintiff's Complaint.

22      114.   IBM denies the allegations in Paragraph 114 of Plaintiff's Complaint.

23      115.   IBM denies the allegations in Paragraph 115 of Plaintiff's Complaint.

24      116.   IBM denies the allegations in Paragraph 116 of Plaintiff's Complaint.

25      117.   IBM denies the allegations in Paragraph 117 of Plaintiff's Complaint.

26      118.   IBM denies the allegations in Paragraph 118 of Plaintiff's Complaint.

27      119.   IBM denies the allegations in Paragraph 119 of Plaintiff's Complaint.

28

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT

**FOURTH CLAIM FOR RELIEF**
**(Fraudulent Misrepresentation – HCL Deal)**

120.    IBM reasserts and incorporates its answers to Paragraphs 1 through 119 of the Complaint as though fully restated herein.

121.    IBM denies the allegations in Paragraph 121 of Plaintiff's Complaint.

122.    IBM denies the allegations in Paragraph 122 of Plaintiff's Complaint.

123.    IBM denies the allegations in Paragraph 123 of Plaintiff's Complaint.

124.    IBM denies the allegations in Paragraph 124 of Plaintiff's Complaint.

125.    IBM denies the allegations in Paragraph 125 of Plaintiff's Complaint.

126.    IBM denies the allegations in Paragraph 126 of Plaintiff's Complaint.

127.    IBM denies the allegations in Paragraph 127 of Plaintiff's Complaint.

128.    IBM denies the allegations in Paragraph 128 of Plaintiff's Complaint.

129.    IBM denies the allegations in Paragraph 129 of Plaintiff's Complaint.

130.    IBM denies the allegations in Paragraph 130 of Plaintiff's Complaint.

131.    IBM denies the allegations in Paragraph 131 of Plaintiff's Complaint.

**FIFTH CLAIM FOR RELIEF**
**(Alternative Claim – Negligent Misrepresentation – HCL Deal)**

132.    IBM reasserts and incorporates its answers to Paragraphs 1 through 131 of the Complaint as though fully restated herein.

133.    Answering Paragraph 133 of Plaintiff's Complaint, IBM acknowledges that Plaintiff purports to bring a claim for negligent misrepresentation in the alternative to his third claim.  IBM denies Plaintiff is entitled to any remedy or relief in this action under any of his claims.

134.    IBM denies the allegations in Paragraph 134 of Plaintiff's Complaint.

135.    IBM denies the allegations in Paragraph 135 of Plaintiff's Complaint.

136.    IBM denies the allegations in Paragraph 136 of Plaintiff's Complaint.

137.    IBM denies the allegations in Paragraph 137 of Plaintiff's Complaint.

138.    Answering Paragraph 138 of Plaintiff's Complaint, IBM admits that it had an

obligation to provide Plaintiff with accurate information regarding his compensation.  IBM further states that it complied with its obligations to provide Plaintiff with accurate information regarding his compensation by, among other things, providing him with detailed IPLs outlining the terms of his commission payments.  IBM denies any implication that it did not comply with any obligation to provide him with accurate information regarding compensation and denies the remaining allegations in Paragraph 138 of Plaintiff's Complaint.

139.   IBM denies the allegations in Paragraph 139 of Plaintiff's Complaint.

140.   IBM denies the allegations in Paragraph 140 of Plaintiff's Complaint.

141.   IBM denies the allegations in Paragraph 141 of Plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF
### (Alternative Claim – Quantum Meruit)

142.   IBM reasserts and incorporates its answers to Paragraphs 1 through 141 of the Complaint as though fully restated herein.

143.   IBM denies the allegations in Paragraph 143 of Plaintiff's Complaint.

144.   IBM denies the allegations in Paragraph 145 of Plaintiff's Complaint.

145.   IBM denies the allegations in Paragraph 145 of Plaintiff's Complaint.

## SEVENTH CLAIM FOR RELIEF
### (Alternative Claim - Unjust Enrichment)

146.   IBM reasserts and incorporates its answers to Paragraphs 1 through 145 of the Complaint as though fully restated herein.

147.   IBM admits the allegations in Paragraph 147 of Plaintiff's Complaint but denies any implication that Plaintiff was not fully and adequately compensated for his services.

148.   IBM denies the allegations in Paragraph 148 of Plaintiff's Complaint.

149.   IBM denies the allegations in Paragraph 149 of Plaintiff's Complaint.

150.   IBM denies the allegations in Paragraph 150 of Plaintiff's Complaint.

151.   IBM denies the allegations in Paragraph 151 of Plaintiff's Complaint.

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

**EIGHTH CLAIM FOR RELIEF**
**(Punitive Damages)**

152.    IBM reasserts and incorporates its answers to Paragraphs 1 through 151 of the Complaint as though fully restated herein.

153.    IBM denies the allegations in Paragraph 153 of Plaintiff's Complaint.

154.    IBM denies the allegations in Paragraph 154 of Plaintiff's Complaint.

155.    IBM denies the allegations in Paragraph 155 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

IBM denies that Plaintiff is entitled to any relief sought in his Prayer for Relief including subparagraphs 1 through 10, or to any relief whatsoever.

**JURY DEMAND**

IBM admits Plaintiff demands a trial by jury but denies Plaintiff is entitled to any remedy or relief in this action.

**GENERAL DENIAL**

IBM denies every allegation of the Complaint not expressly admitted in this Answer.

**AFFIRMATIVE AND OTHER DEFENSES**[1]

In addition to the foregoing responses, Defendant asserts the following defenses to Plaintiff's claims.  The factual bases for the following affirmative and other defenses are set forth in further detail in the foregoing responses to the allegations contained in the Complaint, which are re-alleged and incorporated herein by reference.

**FIRST DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state claims for which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because IBM has, at all times, acted

---

[1] By pleading any matter as a defense, IBM does not concede that it bears the burden of proof with regard to such matter.

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT

1    reasonably and in good faith.  IBM engaged in good faith efforts to comply with all federal and

2    state laws and, therefore, cannot be held liable for punitive damages, liquidated damages, or costs

3    of litigation, including attorney's fees.

4                                    **THIRD DEFENSE**

5        Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, after

6    acquired evidence, and estoppel.

7                                    **FOURTH DEFENSE**

8        Plaintiff's claims are barred, in whole or in part, because IBM had and retained the sole and

9    unlimited discretion to determine and adjust any commission payments made to Plaintiff.

10                                   **FIFTH DEFENSE**

11       Plaintiff's Complaint fails to state any fact that would entitle Plaintiff to recovery of any

12   punitive damages, compensatory damages, attorneys' fees, or costs from IBM.

13                                   **SIXTH DEFENSE**

14       Plaintiff's claims are barred pursuant to the United States Constitution and the California

15   Constitution to the extent the provisions on which Plaintiff's claims are based impose double or

16   treble penalties and violate the due process rights of Defendant.

17                                  **SEVENTH DEFENSE**

18       Plaintiff's claim for punitive damages is in violation of the Fifth and Fourteenth

19   Amendments to the Constitution of the United States in that it deprives Defendant of property

20   without due process of law; further, the claim for punitive damages is violative of the Fourteenth

21   Amendment of the Constitution of the United States concerning Equal Protection; further said claim

22   is violative of the provisions of the California Constitution in denying equal protection and in

23   depriving Defendant of property without due process of law; and the punitive damages claim is

24   further in violation of the Eighth Amendment of the Constitution of the United States and in

25   violation of the California Constitution prohibiting the imposition of excessive fines.

26                                   **EIGHTH DEFENSE**

27       Plaintiff's claims fail, in whole or in part, because IBM notified Plaintiff clearly and in

28
                                              17                    Case No. 4:21-cv-04166
     DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO
     PLAINTIFF'S COMPLAINT

writing of its policies and practices concerning the calculation of commissions and when such commissions were earned, in compliance with California law.

### NINTH DEFENSE

Plaintiff's claims fail because IBM paid Plaintiff all compensation owed to Plaintiff.

### TENTH DEFENSE

Plaintiff's purported First and Second Claims for Relief are barred in whole or in part by the applicable statutes of limitation, including, but not limited to Business and Professions Code § 17208.  Plaintiff's purported Third, Fourth, and Fifth Claims for Relief are barred in whole or in part by the applicable statutes of limitation, including, but not limited to California Code of Civil Procedure § 338(d).  Plaintiff's purported Sixth and Seventh Claims for Relief are barred in whole or in part by the applicable statutes of limitation, including, but not limited to California Code of Civil Procedure § 339(1).  Plaintiff's purported Eighth Claim for Relief is derivative of Plaintiff's other claims, and as such is barred in whole or in part by the statutes of limitation applicable to those claims.

### ELEVENTH DEFENSE

To the extent Plaintiff seeks statutory penalties for alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred or must be reduced because IBM did not willfully, knowingly, and intentionally violate the requirements of the California Labor Code.

### TWELFTH DEFENSE

Plaintiff's claims under Business and Professions Code Section 17200, *et seq.* are barred to the extent he lacks standing to sue pursuant to Business and Professions Code Sections 17203 and 17204, because Plaintiff has not demonstrated any fact beyond a simple recitation of the legal elements of the claims.

### THIRTEENTH DEFENSE

Without admitting the allegations of Plaintiff's Complaint, but rather expressly denying them, IBM alleges that Plaintiff's purported claims for violation of California Business and

Professions Code section 17200 *et seq*. are barred because the alleged practices were not unfair, the public was not likely to be deceived by any of the alleged practices, IBM gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

## FOURTEENTH DEFENSE

IBM alleges that the Complaint, and each alleged cause of action therein, is barred in whole or in part by Sections 2854, 2856, 2858, and 2859 of the California Labor Code, respectively, because Plaintiff failed to:  (1) use ordinary care and diligence in the performance of his duties, (2) comply substantively with the reasonable directions of his employer, (3) exercise a reasonable degree of skill in performing his duties, and (4) perform his job duties in a proper and skillful manner.

## FIFTEENTH DEFENSE

IBM is entitled to a setoff for any amounts Plaintiff owes IBM for receipt of any wages, commissions, and/or other benefits to which Plaintiff was not entitled and/or did not earn.

## SIXTEENTH DEFENSE

Plaintiff's claims fail because IBM performed in accordance with the terms of Plaintiff's incentive plan letter.

## SEVENTEENTH DEFENSE

IBM acted, at all times, toward Plaintiff in good faith, and likewise acted in good faith in its efforts to comply with applicable laws.

## EIGHTEENTH DEFENSE

IBM reserves the right to add any defenses, affirmative defenses, or counter claims as appropriate under the applicable rules.

**WHEREFORE**, having fully answered the Complaint, IBM respectfully requests:

1.     Plaintiff have and recover nothing of IBM by way of this action;

2.     Judgment be entered in favor of IBM for all costs and attorneys' fees incurred in

19                                    Case No. 4:21-cv-04166

1    the defense of this action; and

2        3.    IBM have and recover such other and further relief as this Court may deem just

3            and proper.

4
Dated:  August 2, 2021                           JACKSON LEWIS P.C.
5

6
                                    By:    /s/ Donald Sullivan
7                                          Donald Sullivan
                                           Justin Barnes (pro hac vice application
8                                          forthcoming)
                                           Attorneys for Defendant
9                                          INTERNATIONAL BUSINESS
                                           MACHINES CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT